**ENSO LAW, L.L.P.**
DAVID R. WELCH
Nevada State Bar Number 13417
ALEXANDER R. VAIL
Nevada State Bar Number 14291
2970 WEST SAHARA AVE
LAS VEGAS, NV 89102
TELEPHONE: (213) 513-0028
EMAIL: litigation@enso.law
*Attorneys for Plaintiff La Michoacana Plus Ice Cream Parlor Corp.*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| LA MICHOACANA PLUS ICE CREAM PARLOR CORP, a California Corporation,<br><br>PLAINTIFF<br><br>v.<br><br>WINDY CITY PALETAS, INC., a California corporation,<br>ECUAMEX PALETAS, INC., a California corporation,<br>SKY LIMIT ENTERPRISE II, INC., a Nevada corporation,<br>KJAM PALETAS INC., a California corporation,<br>ARTURO MIRANDA, an individual,<br>KAYLA RINCON, an individual,<br>DIGMEY JARAMILLO, an individual; and DOES 1 through 50, Inclusive,<br><br>DEFENDANTS | Case Number: 2:23-cv-00279-CDS-DJA<br><br>**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**

Plaintiff La Michoacana Plus Ice Cream Parlor Corp ("LMP" or "Plaintiff"), and Defendants Windy City Paletas, Inc. ("WINDY CITY"), Ecuamex Paletas, Inc. ("ECUAMEX"), Sky Limit Enterprise II, Inc. ("SKY LIMIT"), KJAM Paletas Inc. ("KJAM"), Arturo Miranda ("MIRANDA"), Kayla Rincon ("RINCON"), and Digmey Jaramillo ("JARAMILLO"), (the "Defendants" and collectively the "Parties") by and through their respective counsels, **hereby submit their joint report of the parties' Rule 26(f) conference, and state their respective proposals concerning the schedule for discovery in this case:**

1. <u>Procedural History</u>. On February 22, 2023, Plaintiff filed this action, alleging that Defendants engaged in trademark infringement based on Defendants' use of Plaintiff's trademarks at eight ice cream stores located in San Diego and Las Vegas. On March 17, 2023, Plaintiff filed a first amended complaint ("FAC"). On March 30, 2023, Defendants filed a motion to transfer venue or alternatively to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) ("Motion to Dismiss"); as part of the Motion to Dismiss, Defendants Windy City Paletas, Inc., Ecuamex Paletas, Inc., KJAM Paletas, Inc., Kayla Rincon, and Digmey Jaramillo (collectively, the "Foreign Defendants") moved to dismiss the First Amended Complaint ("FAC"), for lack of personal jurisdiction.

2. <u>Rule 26(f) Conference.</u> On **May 16, 2023**, Plaintiff's counsel convened a telephonic Rule 26(f) conference. The participants were David R. Welch and George Krboyan on behalf of Plaintiff and David M. Greeley and Jonathan W. Fountain on behalf of Defendants.

3. <u>Rule 26(f) Report.</u> During the Rule 26(f) conference, the parties' counsel discussed the following issues:

   a. <u>Fed. R. Civ. P. 26(f)(3)(A) - What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will</u>

be made? The parties agree that no changes should be made in the timing, form, or requirement for disclosures under Rule 26(a). Rule 26(a)(1)(A) disclosures shall be served on or before **June 15, 2023**.

b. <u>Fed. R. Civ. P. 26(f)(3)(B) - The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues?</u> The parties agree that discovery should commence on **May 16, 2023**, the date of the parties' Rule 26(f) conference, on all issues relevant and proportional to the parties' respective claims and defenses, except as addressed below. The Foreign Defendants have challenged personal jurisdiction. And the Defendants may file a compulsory counterclaim, alleging that LMP's business model, which consists of permitting licensees to use LMP's trademarks and providing material support for its licensees' operation of eight ice cream Stores in exchange for the payment of licensing fees and royalties, meets the definition of a "franchise" under the California Franchise Investment Law ("CFIL"), entitling the store operators, under the facts alleged, to rescission of the licensing agreements for all eight Stores in light of LMP's failure to register its franchise offering with the California Department of Financial Protection and Innovation (the "DFPI").  Defendants may add Plaintiff's CEO Ruben Jimenez as a party when filing the counterclaim.  The parties do not believe discovery should be conducted in phases or limited to or focused on any particular issues at this time, except that, because of the pending Motion to Dismiss wherein the Foreign Defendants are challenging personal jurisdiction, the parties propose that written discovery be limited to Plaintiff and the non-Foreign Defendants

(Sky Limit and Arthuro Miranda), and that depositions not occur until 45 days after the Court's ruling on the Motion to Dismiss. Written discovery to or from the Foreign Defendants shall be permitted upon the Court's ruling on the Motion to Dismiss.

    c. <u>Fed. R. Civ. P. 26(f)(3)(C) - Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?</u> None at this time.

    d. <u>Fed. R. Civ. P. 26(f)(3)(D) - Any issues about claims of privilege or of protection as trial-preparation materials, including--if the parties agree on a procedure to assert these claims after production--whether to ask the court to include their agreement in an order?</u> The parties agree that discovery will require the disclosure of valuable, proprietary, financial, personal, and/or competitive business information. Accordingly, the parties agree to prepare and submit a proposed order governing the discovery, disclosure, and use of confidential information in this case.

    e. <u>Fed. R. Civ. P. 26(f)(3)(F) - Any other orders that should be issued under Rule 26(c) or under Rule 16(b) and (c)?</u> None at this time.

4.    <u>Proposed Schedule of the Completion of Discovery.</u> The parties agree to the following case management deadlines:

    a. <u>Discovery Cutoff.</u> The discovery cutoff date shall be **March 29, 2024, which is 365** days from the date Defendants appeared, March 30, 2023. Should this period be insufficient, the parties are amenable to extending the discovery period for a reasonable length of time;

    b. <u>Amending the Pleadings and Adding Parties.</u> The last day to amend pleadings and add parties shall be **December 30, 2023**, which is 90 days before the discovery cut-off date;

-4-
**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**

c. <u>Expert Disclosures.</u> The last day to make initial expert disclosures shall be **January 29, 2024**, which is 60 days before the discovery cut-off date. Rebuttal expert disclosures shall be served by **February 28, 2024**, which is 30 days after the deadline for serving initial expert disclosures;

d. <u>Dispositive Motions.</u> The last day for filing dispositive motions, including but not limited to motions for summary judgment, shall be **May 28, 2024,** which is 60 days after the discovery cut-off date;

e. <u>Joint Pretrial Order</u>. The last day for filing the Joint Pretrial Order shall be **June 27, 2024,** which is 30 days after the deadline for filing dispositive motions. In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after decision of the dispositive motions or further order of the Court;

f. <u>Fed. R. Civ. P. 26(a)(3) Disclosures</u>. Unless the Court orders otherwise, the disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections thereto shall be included in the joint pretrial order;

g. <u>Alternative Dispute Resolution</u>. The parties certify that they have met and conferred about the possibility of using alternative dispute-resolution processes, including mediation, arbitration, and if applicable, early neutral evaluation. The parties may, in the near future, submit a stipulation or joint motion requesting that the Court conduct a magistrate facilitated mediation/settlement conference;

h. <u>Alternative Forms of Case Disposition</u>. The parties certify that they have considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program, but respectfully decline this option at this time; and,

**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**

i. <u>Electronic Evidence.</u> The parties certify that they have discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The parties agree to consult the court's website and to contact the assigned judge's courtroom administrator for instructions about how to prepare evidence in an electronic format and to obtain other requirements for the court's electronic jury evidence display system.

5. <u>Discovery Motions</u>.

6. <u>Calculation of Time.</u> Fed. R. Civ. P. 6 shall govern the calculation of time under this Order. For example, if a deadline falls on a day that is a Saturday, a Sunday, or a legal holiday, pursuant to Fed. R. Civ. P. 6(a)(1)(C), the deadline shall run to the next day that is not a Saturday, a Sunday, or a legal holiday.

Dated this 30th day of May 2023.

**IT IS SO STIPULATED:**

___/s/David R. Welch_____
David R. Welch
Nevada Bar No. 13417
Alexander R. Vail
Nevada Bar No.14291
**ENSO LAW L.L.P.**

*Attorneys for Plaintiff*
*La Michoacana Plus Ice*
*Cream Parlor Corp.*

___/s/ David M. Greeley_____
David M. Greeley, Esq.
California Bar No. 198520
Admitted Pro Hac Vice
**GREELEY THOMPSON LLP**

___/s/ Jonathan W. Fountain_____
Jonathan W. Fountain, Esq.
Nevada Bar No. 10351
**HOWARD & HOWARD ATTORNEYS PLLC**

*Attorneys for Defendants*

-6-
**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**

**IT IS SO ORDERED** that the parties' stipulated discovery plan and scheduling order (ECF No. 20) is GRANTED.

Dated: _____May 31_____, 2023.

_____
UNITED STATES MAGISTRATE JUDGE